Mr. Roger Harrod General Counsel Employment Security Department P.O. Box 8040 Little Rock, AR 72203-8040
Dear Mr. Harrod:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the Employment Security Department has received a request for the personnel records of a department employee who committed suicide. You further state that you have determined that the employee's employee evaluation/job performance records should not be released, because the employee was never suspended or terminated. You have also determined that the remaining records should be released, with exempt items of information redacted.
I am directed by law to issue my opinion as to whether your determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I must note that I have not been provided with copies of the requested records. Accordingly, I am unable to opine definitively concerning the releasability of any particular record. Nevertheless, I will review the applicable law, upon the basis of which the releasability of the requested records can be evaluated.
It is my opinion that your determination concerning the release of the requested records is generally correct.
"Employee evaluation/job performance records" cannot be released if the employee has never been suspended or terminated. A.C.A. §25-19-105(c)(1). As previously noted, you state that the employee is question was never suspended or terminated. Although the FOIA does not define the term "employee evaluation/job performance records, this office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 2003-201; 98-006; 95-351; 93-055.
You have correctly stated the test for the releasability of "personnel records": "Personnel records" are releasable except to the extent that their release would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12). Again, the FOIA does not define the term "personnel records," but this office has consistently taken the position the "personnel records" are all records that pertain to the individual employee other than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos.2003-201; 2003-055; 2002-085; 2001-154; 99-147).
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, however, the privacy interest will prevail if it is not insubstantial. Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). For example, this office has taken the position that the personal details of an employee's insurance coverage and federal tax withholding information are private and should not be released. See, e.g., Op. Att'y Gen. No. 2004-167. The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of the employee's personal privacy is always a question of fact that must be answered on a case-by-case basis. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2003-018; 2003-055; 2002-085; 2001-101; 98-001.
A question that may arise in your situation is whether the employee's privacy interest lapsed at the time of death. Although the FOIA does not squarely address this issue, one of my predecessors in this office took the position that an employee's privacy interest continues even after death. See Op. Att'y Gen. No. 96-368. This view was based upon federal case law interpreting similar language in the federal freedom of information law. I agree with this interpretation. It is therefore my opinion that the privacy interest of the employee whose records have been requested must be considered and the balancing test applied despite the fact that the employee is no longer living.
It will be incumbent upon the custodian of the records to review all of the requested personnel records in light of all exemptions and to determine whether any of the exemptions would operate to prohibit the release of any particular record or item of information. For a list of exemptions that are stated in the FOIA itself, see A.C.A. § 25-19-105. The custodian should also be aware that the FOIA recognizes that other laws can also contain exemptions that override the disclosure requirements of the FOIA. See A.C.A. § 25-19-105(a)(1).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General